UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL STEWART,                                                                                    Plaintiff,

v.                                                                              Civil Action No. 3:16-cv-P71-DJH

JAILER DANNY ALLEN et al.,                                                                     Defendants.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michael Stewart, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee at the Hardin County Detention Center (HCDC).  He sues HCDC Jailer Danny Allen and Southern Health Partners Registered Nurse Christy.  He indicates that he is suing them in their official capacities by putting a mark next to "official capacity" on the complaint form.  He alleges that he was struck by a car on May 16, 2014, while crossing the road and sustained a shattered left fibula, a fractured left wrist, and multiple pelvis fractures, all of which required surgery at University Hospital in Louisville, Kentucky.  He states that at his last doctor's appointment, in August 2014, he was told that the steel plate and a bone fragment in his left knee would have to be removed at some point.  He states that he did not make another appointment due to "a lot of drug use."

Plaintiff states that he was arrested on November 18, 2015, and that within a month he requested x-rays on his left leg and right pelvis at HCDC. He states that he explained to Nurse Erin that he had a titanium rod in his left leg, a metal plate on his left knee, and ten screws in his right hip "that needed to be looked at because of severe pain." He states that he was told that he had to sign a paper giving permission for releasing his records to the jail. However, he alleges that after he signed the paper he was "told it didn't matter because they never do anything anyway." He states that on January 18, 2016, he sent a request asking if "they received my records and if they would please x-ray my leg and pelvis." According to the complaint, he was told that the medical issue is old and that he was non-compliant because he did not return to the doctor while he was not incarcerated. He asserts,

> I made some poor decisions in the past but I still have a right to medical treatment. I have Passport insurance. I would gladly send my medical records if they (medical) would allow it. I now have to fear everyone (jail staff, medical staff, etc.) because of filing this. I stand a chance of severe infections and possible amputation.

The complaint also states: "Be advised that my left leg is longer than my right leg due to the injury. This causes pain and discomfort."

Plaintiff also alleges that he "signed up" for the dentist in early December 2015. On January 12, 2016,[1] he confirmed that he still wanted to see the dentist. The next day the dentist came, but Plaintiff was not seen. According to the complaint, "[t]he excuse given was because they only take 45 names and then try and get it down to 15 and because they didn't I would have to wait until February."

As relief, Plaintiff requests $3,000,000 in punitive damages.

Attached to his complaint are copies of four inmate request forms filled out by Plaintiff and responded to by Defendant Christy. The earliest is dated January 18, 2016. In it, Plaintiff

---

[1] The complaint gives the date as January 12, 2015, but the Court presumes that Plaintiff intended to refer to 2016.

asks, "Have you received my records from University? Can I please get my leg and my pelvis xrayed? Could you please keep me informed?" Defendant Christy responded, "We have not received your records. I have reviewed your charge and according to what you have reported, this issue is old and you were non-compliant. We are not sending you to ortho for this surgery." The next day, Plaintiff requested: "Why would you even send out for my records if I'm non-compliant? What do you mean by old? This is an injury that will affect me for the rest of my life." Defendant Christy responded, "You reported going for your follow up in July 2014 but did not return. This should have been taken care of before were booked in this facility on November 18, 2015." On January 23, 2016, Plaintiff submitted a request for his medical records for the past two years including the ones from University Hospital, to which Defendant Christy responded, "Your medical records can be requested after your release." Finally, on January 25, 2016, he requested "Christy the RN's" last name, for which the response was: "We do not give out last names."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a

3

light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claim regarding requests for medical treatment*

"The Eighth Amendment prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' towards the inmate's serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Fourteenth Amendment "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham v. Cty. of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004). Thus, although the Eighth Amendment is not directly applicable to Plaintiff as a pretrial detainee, its deliberate-indifference standard is applied under the Fourteenth Amendment.

A claim of deliberate indifference has both an objective and subjective component. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). The objective component requires an inmate to show that the alleged deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the subjective component, an inmate must demonstrate that prison officials had "a sufficiently culpable state of mind," *i.e.*, the official knew of and disregarded an excessive risk to inmate health or safety. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal citation omitted).

Plaintiff sues HCDC Jailer Allen in his official capacity. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as

brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the HCDC Jailer in his official capacity are actually brought against the Hardin County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Hardin County, a court must analyze not only whether the plaintiff's harm was caused by a constitutional violation, but also whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of*

*Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff also names Southern Health Partners employee Christy in her official capacity. Southern Health Partners is a private entity that contracts to provide medical care to the inmates of HCDC. A private entity that contracts with the State to perform a traditional state function, such as providing medical care to inmates, acts under color of state law and may be sued under § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Thus, Southern Health Partners is amenable to suit under § 1983. As stated above, § 1983, however, does not permit the imposition of liability based upon *respondeat superior*. *Polk Cty. v. Dodson*, 454 U.S. at 325. Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d at 817.

In the instant case, the complaint and attachments read liberally identify a policy or policies causing the alleged constitutional violations. The Court will allow the official capacity claims against Defendants involving Plaintiff's claimed denial of medical treatment to continue.

However, Plaintiff's only request for relief is punitive damages. Punitive damages can only be assessed against an individual. *White v. Dr.*, No. 3:11-00353, 2011 WL 5027543, at *3 (M.D. Tenn. Oct. 19, 2011). Requesting punitive damages in the complaint provides "some notice" of an intent to hold a defendant personally liable, but is not dispositive. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). Therefore, the Court will provide Plaintiff an

opportunity to amend his complaint to name Defendants in their individual capacities and/or seek different relief.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### *Claim regarding request to see dentist*

Plaintiff alleges that he requested to see a dentist in early December 15, 2015; that the dentist came to HCDC on January 13, 2016, but Plaintiff was not seen; and that he was told that he would have to wait until February to see the dentist.  According to the complaint, "[t]he excuse given was because they only take 45 names and then try and get it down to 15 and because they didn't I would have to wait until February."  Plaintiff's complaint was signed on February 2, 2016.

Plaintiff fails to allege that his desire to see a dentist arose from a serious medical need.  As such, he fails to state a claim about the apparent one-month delay in seeing the dentist.  Even if he had alleged a serious medical need, it appears from the allegations in his complaint that the delay in seeing the dentist had to do with availability and was not out of deliberate indifference.  Where a "delay in treatment [arises] out of issues of priority and availability, [s]uch delay fails to show deliberate indifference to [Plaintiff's] serious medical needs."  *Foushee v. Wiggins*, No. 3:05CV7357, 2006 WL 1966611, at *2 (N.D. Ohio July 11, 2006).  Thus, this claim will be dismissed.

### *Claim regarding retaliation*

To the extent that Plaintiff may be alleging a retaliation claim in alleging "I now have to fear everyone (jail staff, medical staff, etc.) because of filing this," such claim fails.

There are three elements of a retaliation claim: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, Plaintiff fails to allege that any adverse action was taken against him. Instead, he states only that he now has "to fear everyone (jail, staff, medical staff, etc.) because of filing this."

Plaintiff has not alleged that he suffered an adverse action. Plaintiff may state a claim for retaliation "only if retaliation actually occurs and is not just feared." *Bryan v. Washington Cty. Sheriff's Dep't*, No. 2:10-CV-169, 2012 WL 523653, at *2 (E.D. Tenn. Feb. 15, 2012) (citing *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998)). Without an allegation that an adverse action was taken against him, to the extent he raises a retaliation claim, it fails to state a claim.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims relating to his request to see the dentist and retaliation are **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have **30 days** from entry of this Memorandum Opinion and Order to amend his complaint to name Defendants in their individual capacities and/or to seek different relief. The Clerk of Court is **DIRECTED** to send to Plaintiff a § 1983 form with this case number and "AMENDED" on it.

After the time period to amend the complaint has run, the Court will enter a Scheduling Order to govern the development of this case.

Date: May 27, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4415.009