UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL STEWART, Plaintiff,

v. Civil Action No. 3:16-cv-P71-DJH

JAILER DANNY ALLEN *et al.*, Defendants.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Michael Stewart, an inmate at the Hardin County Detention Center (HCDC), filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. Plaintiff sues Defendants HCDC Jailer Danny Allen and Head Nurse R.N. Christy in their official capacities only.

Pursuant to 28 U.S.C. § 1915A, on May 31, 2016, the Court conducted an initial review of the complaint and entered a Memorandum Opinion and Order (DN 6), which the Court incorporates herein by reference, dismissing Plaintiff's claims regarding his request to see a dentist and retaliation. With regard to Plaintiff's claims that he was denied medical treatment, the Court found that the complaint and attachments read liberally identify a policy or policies causing the alleged constitutional violations. The Court, therefore, found that the official-capacity claims, construed as claims against the Defendants' employers, Hardin County and Southern Health Partners,[1] concerning denial of medical treatment could continue. However, Plaintiff's only request for relief was punitive damages. Punitive damages can only be assessed

---

[1] If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This same municipal-liability analysis applies to a § 1983 claim against a private corporation which contracts with the government to perform "a traditional state function such as providing medical services to prison inmates . . . ." *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996).

against an individual. *White v. Dr.*, No. 3:11-00353, 2011 U.S. Dist. LEXIS 5027543, at *3 (M.D. Tenn. Oct. 19, 2011). As stated by this Court in the May 31, 2016, Memorandum Opinion and Order, requesting punitive damages in the complaint provides "some notice" of an intent to hold a defendant personally liable, but is not dispositive. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). Therefore, the Court ordered Plaintiff within 30 days of entry of the Memorandum Opinion and Order to amend his complaint to name Defendants in their individual capacities and/or seek different relief. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").[2]

More than 30 days have passed, and Plaintiff has not filed an amended complaint. Because Plaintiff sues Defendants in their official capacities only and seeks only punitive damages, the complaint is subject to dismissal because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 818-19 (6th Cir. 2007).

However, before dismissing the action, the Court will provide Plaintiff a final opportunity to file an amended complaint. Accordingly,

**IT IS ORDERED** that Plaintiff shall within **30 days** from entry of this Memorandum and Order amend his complaint to name Defendants in their individual capacities and/or to seek different relief, *i.e.*, compensatory damages and/or injunctive relief. The Clerk of Court is **DIRECTED** to send to Plaintiff a § 1983 form with this case number and "AMENDED" written on it.

---

[2] While service of process had not been ordered by the Court, Defendant Jailer Danny Allen filed an answer, by counsel.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein**.

Date: July 22, 2016

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Head Nurse R.N. Christy
Counsel of record
4415.010