UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL STEWART, Plaintiff,

v.  Civil Action No. 3:16-cv-P71-DJH

JAILER DANNY ALLEN *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Michael Stewart filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. He sued Jailer Danny Allen and Head Nurse R.N. Christy in their official capacities only. In a May 31, 2016, Memorandum Opinion and Order (DN 6) and a July 25, 2016, Memorandum and Order (DN 7), the Court found that the Plaintiff's claims as stated in the complaint must be dismissed pursuant to 28 U.S.C. § 1915A. However, the Court ordered Plaintiff to amend his complaint to name Defendants in their individual capacities and/or to seek different relief, *i.e.*, compensatory damages and/or injunctive relief, within 30 days. In the July 25, 2016, Memorandum and Order, the Court warned Plaintiff that should he fail to file an amended complaint within 30 days, the Court would enter an Order dismissing the action for the reasons stated therein. More than 30 days have passed, and Plaintiff did not file an amendment or take any other action in this case.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other

procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Moreover, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

All claims stated in the complaint have been dismissed, and Plaintiff failed to comply with the Court's Order directing him to file an amended complaint within the time allotted. Accordingly, this matter must be dismissed. The Court will enter a separate Order of dismissal.

Date: September 14, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
      Defendant Head Nurse R.N. Christy
4415.010